IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE TEXAS

CAUSE No. B-00-020

RORY BRACKEN
PETITIONER

\*

Vs

United States District Court
Southern District of Texas
FILED
APR 25 2000
Michael N. Milby
Clerk of Court

WAYNE SCOTT
RESPONDENT

\* MEMORANDUM AND AFFIDA[VIT]

\* OF THREE IN SUPPORT OF

\* PETITION FOR WRIT OF

\* HABEAS CORPUS AS TESTIFICANDU[M]

COMES NOW RORY BRACKEN, WHO SHALL HEREIN AFTER BE KNOWN AND REFERED TO AS PETITIONER. PETITIONER IS AN INDIGEANT INMATE HOUSED IN THE TERRELL UNIT OF THE TEXAS DEPARTMENT OF CORRECTION INSTITUTIONAL DIVISION LOCATED AT 12002 S FM 350 LIVINGSTON, TEXAS, 77351.

### STATEMENT OF CASE

PETITIONER WAS ARRESTED TRIED AND CONVICTED OF POCESSION OF CONTROLLED SUBSTANCE IN VIOLATION OF CERTAIN OF PETITIONERS CONSTITUTIONAL RIGHTS AS IS GUARNTEED EVERY AMERCIAN CITIZEN OF THESE UNITED STATES OF AMERICA.

### ALLEGATIONS

### ACTUAL INNOCENCE

THE PETITIONER WILL SHOW THE HONORABLE COURT BY THE FACTS RECORDS AND MEMORANDUM OF LAW HE IS

"ACTUALLY AND FACTUALLY" INNOCENT OF THIS CHARGE. THE PERTINENT TESTIMONIES OF THE TRIAL PROCEEDINGS GERMANE TO THE CASE AT BAR, AND THOES OF THE ARRESTING POLICE OFFICER, MR ALBERT GARCIA; THE PERSON THAT HAD CARE, CUSTODY AND CONTROL OVER THE CONTROLLED SUBSTANCE, MR CARLOS GARCIA; AND THAT OF PETITIONER. THE STATEMENT OF FACTS DEMONSTRAIGHTS THAT OFFICER ALBERT GARCIA TESTIMONY VOL 13 OF 13 STATEMENT OF FACTS CAUSE NO 98-CR-750-A TRIAL BEFORE THE COURT AND SENTENCING HELD ON FEBUARY 17th 1999, PAGES 1 THROUGH 72, PAGE 19 LINES 10 THROUGH 24

A: I WAS DOWN THE ROAD. A CALL CAME IN REFERENCE TO A DISTURBANCE AT THE RAGING BULL. I WAS MAYBE A MINUTE OR SO AWAY. I PULLED INTO THE PARKING LOT. THE MANAGER, CARLOS GARCIA, WAS COMING OUT WITH A SUBJECT. I GOT THERE, HE COMES UP TO ME, TELLS ME ----- HANDS ME A WHITE POWDERY SUBSTANCE IN A LITTLE BAG, TELLS ME HE CAUGHT THE SUBJECT IN THE BATHROOM AREA INHALING, SNORTING A WHITE POWDERY SUBSTANCE

Q: AND AFTER THAT, WHAT DID YOU --- DO YOU RECALL WHAT HAPPENED? DID YOU GET THE WHITE POWDERY SUBSTANCE?

A: YES MA'AM. MR GARCIA HELD ON TO THE WHITE POWDER SUBSTANCE. I HANDCUFFED THE SUBJECT, PUT HIM IN MY PATROL CAR IN THE BACK SEAT. THEN I GRABBED THE WHITE POWDERY SUBSTANCE, PUT IT IN A PAPER BAG TYPE DEAL THAT WE USE FOR EVIDENCE, GOT HIS INFORMATION DOWN. /

AT THIS STAGE PETITIONER WANTS TO SAY THE TESTIMONY SHOWS CARLOS GARCIA GAVE WHITE POWDER SUBSTANCE TO OFFICER ALBERT GARCIA. CARLOS GARCIA TESTIFIES ON PAGE 8 LINES 3, 4, 5, STATEMENT OF FACTS VOL 13 OF 13.

Q: All right, now tell me what happened to white powder substance.
A: I turned it over to Officer Albert Garcia.

Petitioner testifies on page 62 lines 23, 24, 25 page 63 line 1. Statement of Facts Vol 13 of 13.

Q: But you never had pocession, care, control and custody of that which is contained in state exhibit No. 1.
A: No Sir.

This leads to Statement of Facts Vol 13 of 13 page 22 line 22, 23, 24.

Q: And in this particular case you have Carlos Garcia saying this man had cocaine and you bascially took his word for it.

Where accused is charged with unlawful pocession of a controlled substance the state must prove two elements.

1. That the accused exercised care, control, and management over the contraband.

2. That the accused knew the matter was contraband.

Denby v State 654 SW 2d 457 (Tex Crim App 198_)

Constitutional Law 266 (7)

Due process requires that no person be made to suffer the onus of criminal conviction except upon sufficent proof defined as evidence nebessary to convince a trier of fact beyond a reasonable doubt of the

3/

existence of every element of the offence. The facts of the case at bar actually and factually demonstraights that officer Albert Garcia got the controlled substance (cocaine) off the person of Carlos Garcia the person who was/had absolute pocession of the controlled substance. Jackson Vs States 833 SW 2d 220, 226; Cambell Vs State 822 SW 2d 776, 777 (Tex App Court Houston 14th 1992); Further Carlos Garcia testified that he had absolute pocession of white powdery substance, and delivered the white powdery substance to officer Albert Garcia. The records facts demonstraights that Carlos Garcia had care, custody, and control over the controlled substance, and that police officer Albert Garcia got the controlled substance off of the person of Carlos Garcia; the records facts of the case at bar excludes petitioner from committing the alledged offence of pocession of a controlled substance. Murrary Vs Carrier, 106 S. Ct 2639, 2646. Hohn Vs United States of Amercia 118 S Ct 1969 (1998)

In Hohn, supra, an appeal to the Supreme Court on a conviction of pocession of drugs with a firearm under USCA Section 924(b)(1) the United State Supreme Court reversed the firearm application in the crime. Holding that Hohn was actual innocence of the pocession of the firearm with the drugs because the goverment failed to prove the actual employment of the firearm with the pocession of the drugs. In the instant case at bar, Carlos Garcia pocessed the controlled substance (drugs) not petitioner, Officer Albert Garcia got the controlled substance off of Carlos Garcia not petitioner. Petitioner aver's that there was/has been a fundmental miscarraige of justice and that in light of all the evidence it is most likely that no reasonable jury would have convicted petitioner. Murrary Vs Carrier 477 US 478, 489 106 SCt 2639, 2646; Hohn Vs United States of America 118 S.Ct 1969 (1998)

Petitioner will further show the court that Petitioner can not be said to have failed to develope a factual basis for his claim of Actual Innocence unless the under developed record is a result of his own decision. McDonald vs Johnson 139 F 3rd 1059 (5th Cir 1998)

The record of the case at bar is ripe for this court to rule on Petitioner claim of Actual Innocence McDonald vs Johnson 139 F 3rd 1059 (5th Cir 1998); Murray vs Carrier 477 US 478, 489, 106 S. Ct 2639, 2646

## Right to Jury Trial

2. Code of Criminal Procedure Art 1.12 "The right to Jury Trial shall remain inviolate. (sacread) Acts 1965 59th Leg Vol 2 p 317 Ch 722.

C.C.P Art 1.15 Jury in Felony.

No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded unless the defendant upon entering a plea has in open court in person waived his right of trial by jury in writing in accordance with Art 1.13 and 1.14 provided however that it shall be necessary for the state to introduce evidence into the record, showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgement and in no event shall a person charged be convicted upon his plea without sufficent evidence to support the same, the evidence may be stipulated if the defendant in such case consents in writing in open court to waive the apperance confrontation and cross examination of witnesses and further consents either to an ora stipulation of the evidence and testimony or to the introduction of testimony by affidavits written statements of witnesses and any other documentary evidence in support of the judgement of the court such waiver and consent must be approved by the court in

5,

IN WRITING AND BE FILED IN THE FILE OF THE PAPERS OF CAUSE.

PETITIONER WILL SHOW THE COURT BY THE FACTS RECORDS HE WAS DENIED A JURY TRIAL WHICH IS HIS RIGHT TO DUE PROCESS
VOL 12 OF 13 VOLUMES CAUSE NO 98-CR-750-A PRETRIAL MOTION HELD ON FEB 16th 1999 PAGE 1 THROUGH 5 PAGE 2 LINES 20, 21, 22, 23, 24, 25.

MR GILMAN: JUDGE, MY CLIENT I'M SURE WOULD LIKE TO EXERCISE HIS RIGHTS OF HAVEING A JURY TRIAL AND WHEN HE ASKED FOR THIS NEW TRIAL, I WASN'T HERE IN THE COURTROOM BECAUSE I HADN'T BEEN APPOINTED YET, HOWEVER, I'M SURE HE WAS THINKING AT THAT TIME HE WAS GOING TO GET A JURY TRIAL.

VOL 13 OF 13 STATEMENT OF FACTS BENCH TRIAL HELD ON FEB 17th 1999 PAGE 1 THROUGH 72 PAGE 2 LINES 10, 11, 12, 13, 14, 15, 16.

MR GILMAN: JUDGE MY CLIENT IS COMPLAINING THAT HE'S NOT READY TO GO TO TRIAL. HE FEELS THAT HE COULD NOT GET A FAIR TRIAL IN FRONT OF YOU BECAUSE YOU HEARD HIS PREVIOUS CASE. AND WE'D ASK THAT THIS COURT RESCUE ITSELF AND GO TO ANOTHER JUDGE. HE ALSO REQUESTING A JURY TRIAL WHICH THE COURT RULED ON YESTERDAY. (correctly cited)

PETITIONER MAKES THIS CLAIM THAT UNLESS THE FACTS RECORDS IS A RESULT OF HIS OWN DECESSION. THE FACTS CLEARLY SHOW THE PETITIONER IS NOT WAIVEING HIS RIGHT TO A JURY TRIAL. THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION GUARANTEES THAT EVERY DEFENDANT IN A CRIMINAL TRIAL SHALL HAVE THE RIGHT TO A PUBLIC TRIAL BY AN IMPARTIAL JURY

6/

## INEFFECTIVE ASSISTANCE OF COUNSEL

3. The Petitioner will show the Honorable Court by the facts records that attorney was ineffective for not investigateing the Petitioners case failing to present evidence on the Petitioner's behalf. See Ex Parte Ybarra 629 SW 2d 943 (Tex Crim App 1982).

In addition the McCrate Report said it would be expected of a court appointed attorney to represent his client in a dilligeant and professional manner also under the Sixth Amendment of United States of America Constitution Petitioner is entitled to effective represntation by his attorney. See Strickland vs Washington 104 S. Ct 2052, 466 US 668 (1984); Butler v State 716 S: 2d 48 (Tex Crim App (1986); Petitioner will show his appeal was frivilious; See Evitts vs Lucey 105 S. Ct 830 (1985); In addition the Petitioners attorney failed to call witnesses on his behalf. See Webb v Texas 409 US 95 93 S. Ct (351) (1972); Williams v Beto 354 F 2d 698 (5th Cir 1965);

The Petitioner at this stage will go to records facts to show the ineffective assistance of counsel Statement of Facts Vol 13 of 13 Cause No 98-CR-750-A. Trial before Court Feb 17th 1999, pages 1 through 75 ~~Also Statent~~. Als Statement of witness for State Carlos Garcia.

### Carlos Garcia Statement

I am the manager of the Raging Bull Night Club at 3805 West Buisness 83 in Harligean Texas. In the early morning of April 11th 1998 at about 1.00 AM, I was at work and I went into the men's Restroom to use the facility when I saw a white male subject in a stall snorting a white powder. The guy appeared intoxicated. I grabbed a small plastic bag wrapper from him and took him out of the restroom and told one of the bartenders to call the Sherries

DEPARTMENT. I BELIEVE THAT THE WHITE POWDER WAS COCAIN AND WHEN THE SHERRIFFS DEPARTMENT SHOWED UP. I GAVE THE PLASTIC BAG TO THE DEPUTY AND HE ARRESTED THE GUY THE DEPUTY WAS ALBERT GARCIA. I WAS TOLD THE GUY WAS RONALD BRACKEN.

THE PETITIONER WILL SHOW THE COURT THE ABOVE STATEMENT OF CARLOS GARCIA AND THE TESTIMONY OF CARLOS GARCIA AT TRIAL ARE VERY CONFLICTING MY MOM ALWAYS SAID TO TELL LIES YOU HAVE TO HAVE A GREAT MEMORIEY

TRIAL TRANSCRIPT VOL 13 OF 13
PAGE 8      LINES 15, 16, 17.

Q: WAS HE INTOXICATED WAS HE --- DID YOU NOTICE ANY CONDITION.
A: NO, NICE GUY HE WAS ALWAY CLEAN

IN CARLOS GARCIA ½ PAGE STATEMENT ABOVE HE SAID PETITIONER WAS INTOXICATED AT TRIAL WHEN ASKED IF PETITIONER WAS INTOXICATED HE SAID NO.

TRIAL TRANSCRIPT VOL 13 OF 13
PAGE 15    LINES 23, 24, 25.    PAGE 16 LINE 1.

Q: AND APPROXIMATLEY WHAT TIME OF DAY OR NIGHT WAS THIS THAT YOU WERE IN URINAL AND YOU ARRESTED MR BRACKEN.
A: ABOUT 10 SOMETIME BEFORE 11.

PAGE 16    LINES 18, 19, 20.

A: IT WAS BEFORE 11.

Q: OKAY SOMETIME AFTER 10 BEFORE 11

A: SOMEWHERE AROUND THERE

8/

AGAIN. CARLOS GARCIA TESTIMONY, AT TRIAL IS IN CONFLICT WITH HIS STATEMENT. JUST LOOK AT HIS STATEMENT SAYS 1:00 AM AT TRIAL HE SAY AFTER 10 BEFORE 11.

TRIAL TRANSCRIPT VOL 13 OF 13
PAGE 14   LINES   4 5 6 7 8 9 10

Q: SO WHAT DID YOU DO WITH THE KEYS.
A: I HANDED THEM TO DEPUTY.
Q: AND THE BAGGY ALSO?
A: YES SIR
Q: AND DID YOU MARK THIS BAGGY AT ALL SHOWING YOU HAD RECOVERED IT FROM MR BRACKEN
A: NO SIR.

TRIAL TRANSCRIPT VOL 13 OF 13
PAGE 6   LINES   8, 9, 10, 11, 12.

A: WHEN I WENT IN THERE, I WENT INTO THIS URINAL HERE AND I HEARD SOME LOUD SNORTING NOISES. SO, I TURNED BACK LIKE THIS, AND I SAW THIS GENTLEMAN DOWN LIKE THIS PICKING UP A KEY. AND I LOOKED OVER AND HE HAD A PLASTIC BAGGY AND THE KEY WAS FULL OF WHITE POWDER

THE PETITIONER AT THIS STAGE WILL SHOW THE COURT WITH FACTS THAT THE ABOVE STATEMENTS ARE LIES. THERE WAS NO KEYS OR KEY AT TRIAL AS EVIDENCE. MR GARCIA IN ABOVE STATEMENT SAYS HE GAVE KEYS TO DEPUTY HE ALSO SAID PETITIONER HAD A WHITE POWDERY SUBSTANCE ON A KEY WHEN PETITIONER WAS ARRESTED AND BOOKED IN HE HAD NO KEYS WHEN PETITIONER WAS RELEASED ON BOND HE GOT NO KEYS AND THERE WAS NO KEYS OR KEY AS EVIDENCE AT TRIAL BECAUSE PETITIONER WAS NEVER IN POCESSION OF ANY KEYS OR KEY ON THE NIGHT OF HIS ARREST AGAIN WHERE WAS PETITIONERS ATTORNEY

9

It is clear from above facts records that Carlos Garcia credability is in question. Petitioner will also make known at this stage Carlos Garcia has a police record. And that Petitioner informed his attorney to this fact but for some reason Petitioners attorney failed to use this information to question Carlos Garcia creadibilty.

Trial Transcript Vol 12 of 13
Pretrial motion held on Feb 16th 1999 Page 1 through 5    Page 4   Lines 14 15 16 17 18.

The criminal record of all witnesses that the state wishes to bring in, and I wish to reurge that specifically because thats my understanding that there are some criminal records one of the witnesses has

Testimony of Albert Garcia Deputy

Trial Transcript Vol 13 of 13
The Petitioner at this stage will go to trial transcript for testimony of Albert Garcia.
Page 19   Lines 22, 23, 24.

A: Then I grabbed the white powdery substance put it in a paper bag type deal. That we use for evidence got his information down

Page 21   Lines 5, 6, 7, 8

Q: Deputy okay. Deputy what did you do if anyth with the white powdery substance
A: I put it in a brown paper bag which is where we store evidence.

Page 23   Lines 18, 19, 20, 21, 22, 23, 24, 25.

Mr Gilman: Pass the witness.

10/

M'S CHURCH: I HAVE NO FURTHER QUESTIONS

THE COURT: ALL RIGHT YOU MAY STEP DOWN.

M'S CHURCH: CAN THIS WITNESS --- I'M EXCUSEIN THIS WITNESS.

MR GILMAN: I DON'T HAVE ANY OBJECTIONS TO HIM BEING EXCUSED.

THE COURT: ALL RIGHT YOU'RE EXCUSED TO GO

THE PETITIONER AT THIS STAGE WOULD LIKE TO POINT TO THE TESTIMONY OF ALBERT GARCIA IS HE PUT WHIT POWDERY SUBSTANCE IN A PAPER BAG TYPE DEAL AS STATED ABOVE FROM RECORDS FACTS. WHEN ALBERT GARC IS RECALLED FOR STATE TO GET HIM TO IDENTIFY STATES EXHIBIT 1. OVER OBJECTION OF PETITIONERS ATTORNEY. EXHIBIT 1 IS IN A CONTAINER NOT A PAPER BAG TYPE DEAL. AGAIN WHERE WAS PETITIONER ATTORNEY.

MR GILMAN: WELL NOW JUDGE THE COURT EXCUSED MR GARCIA AND HE WAS EXCUSED BY THE COURT AFTER COUNSEL AND I BOTH SAID WE HAD NO OBJECTIONS TO HIM BEING EXCUSED AND I'AM GOING TO OBJECT TO HIM COMING BACK AT THIS TIME.

THE COURT: THEY CAN RECALL HIM.

PAGE 50   LINES  11, 12, 13,

M'S CHURCH: OKAY AND THEN WHAT DID YOU DO WITH THE CONTAINER.

DEPUTY GARCIA: I PLACED THE CONTAINER THAT HAD THE WHITE POWDERY SUBSTANCE IN THE BROWN BAG

11

PAGE 54    LINE   2, 3, 4.

MR GILMAN: AND DID THE ---- - DID CARLOS GARCI HAND THIS POWDERY SUBSTANCE TO YOU IN A PLASTIC FILM CONTAINER.

DEPUTY GARCIA: I BELIEVE SO YES SIR.

PETITIONER AT THIS STAGE WOULD LIKE TO POINT TO THE TESTIMONY OF ALBERT GARCIA ABOVE ON PAGE 1 AND PAGE 21. ALBERT GARCIA TESTIFIES HE PUT WHITE POWDERY SUBSTANCE IN BROWN BAG WHEN HE IS RECALLED HE SAYS HE PUT SUBSTANCE IN CONTAINER O PAGE 54 HE SAYS CARLOS GARCIA HANDED HIM THE WHITE POWDERY SUBSTANCE IN CONTAINER CLEARLY ALL THREE STATEMENTS BY DEPUTY GARCIA ARE CONTRADICTOR OF ONE ANOTHER, AGAIN WHERE WAS PETITIONERS ATTORNEY.

TESTIMONY OF DETECTIVE FRIZZELL.

PETITIONER AT THIS STAGE WILL GO TO TRIAL TRANSCRIPT FOR THE TESTIMONY OF JOHN FRIZZELL

VOL 13 OF 13   TRIAL TRANSCRIPT

PAGE 25.   LINES  21, 22, 23, 24, 25. PAGE 26 LINES 1, 2, 3, 4, 5.

Q: NOW DID YOU SEE THIS CONTROLLED ---- THIS ALLEDGED CONTROLLED SUBSTANCE
A: NO MA'AM.
Q: ALL RIGHT. IN WHAT WAY WAS IT PRESENTED TO YOU? THE EVIDENCE IN THIS CASE WITH RORY BRACKEN IN WHAT WAY WAS IT PRESENTED TO YOU. HOW DID YOU FIND IT.
A: THE EVIDENCE WAS SUBMITTED TO ME IN REPOR FORM ONLY. I NEVER SAW THE EVIDENCE. I RECIEVED A REPORT SAYING THAT THE CONTROLLED SUBSTANCE WAS RECIEVED FROM A CARLOS GARCIA BY DEPUTY ALBERT GARCIA

TRIAL TRANSCRIPT V. 13 OF 13
PAGE 46, LINES 7, 8, 9, 10

M's CHURCH D.A: DECETIVE FRIZZEL STATED THAT HE TOOK THE EVIDENCE MARKED 98--- I MEAN 89---5173 AND PLACED IT IN A BAG TO BE SENT TO LAB. THATS THE BAG IT HAS BEEN IDENTIFIED BY MR GIBSON ITS------

PETITIONER WILL SHOW THE COURT BY THE FACTS RECORD STATED ABOVE THAT THE STATEMENT ABOVE PAGE 46 LINES 7, 8, 9, 10. THAT DETECTIVE FRIZZELL PLACED TH EVIDENCE IN BAG TO BE SENT TO LAB IS A FALSE STATEMENT BY M'S CHURCH D.A. DETECTIVE FRIZZELL TESTIMONY ABOVE PAGE 26 LINE 2, 3 THE EVIDENCE W SUBMITTED TO ME IN REPORT FORM ONLY I NEVER SAW THE EVIDENCE. PETITIONER WONDERS WHY HIS ATTORNEY NEVER QUESTIONED THE D.A ON THIS ISSUE.

TESTIMONY OF KEITH GIBSON
TRIAL TRANSCRIPT VOL 13 OF 13 PAGE 38 LINES 20, 21, 22, 23, 24, 25. PAGE 39 LINE 1.

Q: ALL RIGHT NOW, I'D LIKE YOU TO LOOK AT THE PACKAGE AGAIN IS THAT THE WAY IT WAS RETURNED TO CAMERON COUNTY TO YOUR KNOWLEDGE.
A: THE DIFFERENCE WOULD BE THIS CARD WHICH IS STAPLED TO IT, AND THERE IS SOME WRITING ON THE FRONT WHICH WAS PLACED ON THERE APPARENTLY ON OCT 7th IS WHAT THE DATE INDICATES.

PAGE 41 LINES 15, 16, 17, 18.

Q: OKAY AND IS THAT A --- IS THAT ---- DO YOU RECALL IS THAT HOW YOU RECIEVED THE EVIDENCE?
A: YES IT IS WITH THE EXCEPTION BEING I PLACED THE LABORATRY CASE NO AND MY INITALS ON IT

13

Petitioner would like at this stage to point to above statements of facts records. In Mr Gibson testimony there are differences in what he is examineing again where was petitioners attorney.

Testimony of Rodger Ollson.

Trial Transcript Vol 13 of 13 Page 33 Lines 16 17, 18, 19, 20, 21, 22.

Q: All right. Now have you ever had the Evidence out of the evidence locker before?

A: No ma'am just today

Q: Okay, and have you ever identified it in the past.

A: No ma'am, just when I recieved the subpoena. I went to log looked it up found out where it was and I got it from box.

Page 34 lines 7, 8, 9.

Q: Mr Ollson you don't know anything about what happened on April 11th 1998.

A: No Sir I Don't

Petitioner will show the court from above record facts by Mr Ollson own testimony. The evidence officer Page 33 lines 19 20 says he never saw evidence before. The question is if Mr Ollson never saw evidence in past and he is the only one with key to evidence room how did evidence get to lab who took it who loged it in and out of evidence room again where was petitioners attorney. The facts records above clearly show their was a lot of contradictory evidence. Petitioner would claim ineffective assistance when entire proceedings as a whole were fundamentally unfair. See Passmore vs Estelle 607 F 2d 662 (5th Cir 1979)

14

## CONCLUSION

Petitioner presents this Honorable Court with issues of fact which are completely substantiated by the record of trial, issues that are in total violation of the United States Constitution. This court is not presented with frivilious issues but with issues containe herein that are substantiated by the trial transcrip

## Prayer

It is said that God loves a merciful man. Be mognominious and let the news of your kindness reach the streets of your city and beyond. For what arouses admiration most in the hearts of the people by goodness, kindness, mercy, justice. Beware of the excitiable man for he has lost his powers of reasoning, for no matter how bad a man is he still adores virtue. What you save of our Constitution today will be remembered by a few men today who tommorou will hand the lamp of truth down through the ages to men who will light the darkness.

County of Polk    \*
State of Texas    \*    SS Rory Bracken
                     \*

I Rory Bracken # 870465 being presently incarcerated in Terrell Unit in Polk County, Texas, declare under penalty of perjury that the foregoing is true and correct.

Executed on 4/22/2000

Rory Bracken

