United States District Court
Southern District of Texas
FILED

AUG 2 5 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RORY BRACKEN, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. B-00-072 |
| | § | |
| GARY L. JOHNSON, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, INSTITUTIONAL DIVISION, | § | |
|     Respondent. | § | |

**RESPONDENT JOHNSON'S ANSWER
WITH BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Gary L. Johnson, Director, Institutional Division, Texas Department of Criminal Justice ("TDCJ-ID"), Respondent herein ("the Director"), by and through his attorney, the Attorney General of Texas, and files this **Respondent Johnson's Answer with Brief in Support.** In support thereof, the Director would respectfully show the court the following:

I.

**JURISDICTION**

The court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. Sections 2241 and 2254.

II.

**DENIAL**

The Director denies every allegation of fact made by Petitioner, hereinafter "Bracken," except those supported by the record and those specifically admitted herein.

# III.

## STATEMENT OF THE CASE

The Director has lawful custody of Bracken pursuant to a judgment and sentence of the 107th District Court of Cameron County, Texas, in cause number 98-CR-750-A, styled *The State of Texas v. Rory Bracken*. Tr 54-56.[1] Bracken pleaded "not guilty," 13 SF 3, to a charge of possession of cocaine, as alleged in the indictment, Tr 5, and was found guilty by the trial court in a hearing that was conducted on February 17, 1999. 13 SF at cover, 68. In a sentencing hearing conducted on the same date, 13 SF at cover, the trial court sentenced Bracken to two years confinement in the TDCJ-ID. 13 SF 69.

Bracken's conviction was affirmed on appeal in an unpublished opinion. *Bracken v. State*, Slip Op. No. 13-99-104-CR (Tex. App.–Corpus Christi, Aug. 31, 1999, pet. ref'd). His petition for discretionary review ("PDR"), was refused by the Texas Court of Criminal Appeals without written order on November 10, 1999. *Bracken v. State*, PDR No. 1695-99.[2] Bracken has also challenged the instant conviction in two post-conviction state writs. *Ex parte Bracken*, Application Nos. 42,498-01 and -02. The first state writ was dismissed on August 18, 1999 because Bracken's direct appeal was pending. *Ex parte Bracken*, Application No. 42,498-01, at cover. His second state writ was denied without written order on March 1, 2000. *Ex parte Bracken*, Application No. 42,498-02, at cover. This federal habeas corpus petition was filed with this court on April 25, 2000. *See* memorandum in support of petition, at 1 (date stamp).

---

[1] "Tr" refers to the transcript of papers filed in the trial court followed by the page number. "SF" refers to the statement of facts of the trial, preceded with the volume number and followed by the page number.

[2] This information was confirmed by a telephone call to the Clerk's Office of the Texas Court of Criminal Appeals on August 22, 2000.

# IV.

## STATE COURT RECORDS

Copies of the records of Bracken's state habeas applications, *Ex parte Bracken*, Application Nos. 42,498-01 and -02, and of his direct appeal, *Bracken v. State*, No. 13-99-104-CR, are available and will be forwarded to the court as soon as they have been copied.

# V.

## EXHAUSTION OF STATE COURT REMEDIES/ PROCEDURAL DEFAULT

The Director contends that none of Bracken's ineffective-assistance-of-counsel allegations have been exhausted by Bracken's PDR or state writs; therefore, they are unexhausted and procedurally defaulted. Even though Bracken has not raised these issues before the Texas Court of Criminal Appeals, which renders them unexhausted, it would be futile to return to the state courts to file yet another state writ. If he were to present them to the state courts in a third state writ he would be cited for abuse of the writ. *See* TEX. CODE CRIM. PROC. art. 11.07 § 4 (Vernon's 1999). Under *Vega v. Johnson*, 149 F.3d 354, 362 (5th Cir.1998), *cert. denied*, 525 U.S. 1119, 119 S. Ct. 899 (1999), *Muniz v. Johnson*, 132 F.3d 214, 221 (5th Cir.), *cert. denied*, 523 U.S. 1113, 118 S. Ct. 1793 (1998) and *Nobles v. Johnson*, 127 F.3d 409, 422 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139, 118 S. Ct. 1845 (1998) the Fifth Circuit held that the defaulted claims had yet to be presented to the State courts; therefore, they were unexhausted and procedurally defaulted, concluding that the respective petitioners could not satisfy the standard for avoiding a state citation for abuse of the state writ. Bracken has procedurally defaulted all ineffective-assistance-of-counsel allegations set out in Section VI of this pleading; however, if this court determines that it would not be futile to return to the state courts to file another state writ of habeas corpus raising those ineffective-assistance-of-counsel claims, the Director does not waive exhaustion and moves this court to dismiss this action

3

for failure to exhaust state court remedies.[3]

## VI.

## PETITIONER'S ALLEGATIONS

As grounds for relief, the Director understands Bracken to allege that:

1. He is actually innocent of the possession of cocaine charge. Form pet., at 5.

2. He was denied the right to a jury trial. Form pet., at 5.

3. He was denied the effective assistance of counsel, form pet., at 6, because counsel failed to investigate his case, MIS at 7;[4] because counsel failed to present evidence on Bracken's behalf, MIS at 7; because counsel filed a frivolous brief on appeal, MIS at 7; because counsel failed to call witnesses on Bracken's behalf, MIS at 7; because counsel failed to question witness Carlos Garcia with regard to the keys that he used to scoop up cocaine for the purpose of snorting, MIS at 9-10; because counsel failed to use prior convictions against Carlos Garcia to impeach his testimony, MIS at 10; because counsel failed to point out Deputy Garcia's inconsistent testimony regarding the container that the cocaine was in, MIS at 12; counsel failed to question the district attorney about statements that she made, MIS at 13; because counsel failed to point out the inconsistencies in witness Gibson's testimony, MIS at 13-14, and because counsel failed to point out the inconsistencies in witness Ollson's testimony, MIS at 14.

---

[3] Bracken's first state writ did not serve to exhaust any issues because it was dismissed because his direct appeal was pending. Besides, none of the issues raised in this action were raised in Bracken's first state writ. *See generally Ex parte Bracken*, Application No. 42,498, at cover, 1-3 (challenge to failure of the INS to hold a timely hearing). Further, in Bracken's second state writ he raised an ineffective-assistance-of-counsel allegation in the following words, only: "Applicant will also show Counsil [sic] was ineffective . . . . Applicant will show the court Applicant's attorney did nothing to protect the rights of the Applicant." *Ex parte Bracken*, Application No. 42,498-02, at 2. There is no other statement in the state writ regarding an ineffective-assistance-of-counsel allegation; therefore, all factual allegations of ineffectiveness raised in this action, as listed in subsection VI are unexhausted and/or procedurally defaulted.

[4] "MIS" refers to Bracken's memorandum in support of his writ, followed by the page number.

4

## VII.

## ANSWER
## WITH BRIEF IN SUPPORT

### STANDARD OF REVIEW

Bracken's petition is governed by the heightened standard of review provided by the Antiterrorism and Effective Death Penalty Act of 1996, hereinafter referred to as the "AEDPA." The AEDPA applies to Bracken's application because the application was filed after the date of the act's passage. *Williams v. Cain*, 125 F.3d 269, 274 (5th Cir. 1997), *cert. denied*, 525 U.S. 859, 119 S. Ct. 144 (1998). The AEDPA adds a new subsection, 28 U.S.C. Section 2254(d), which provides:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (West 2000).

The revised federal habeas statute also provides that, if the applicant has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that

> (A) the claim relies on
>
> > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing

5

evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2) (West 2000). Finally, pursuant to 28 U.S.C. Section 2254(e)(1) the findings of fact made by the state courts are entitled to a presumption of correctness on federal habeas review and it is the petitioner's burden to rebut the findings with clear and convincing evidence.

**1.      Trial counsel rendered effective assistance.**

Bracken contends that trial counsel rendered ineffective assistance of counsel based on several factual allegations that were never presented to the state courts and are thus either unexhausted or procedurally defaulted as discussed in section V of this pleading. In addition to the two defenses listed and argued above, the Director offers the additional defense on the merits of the allegations.

The burden of proof in a habeas corpus proceeding attacking the effectiveness of counsel is on the petitioner, who must demonstrate both ineffectiveness and resultant prejudice. *Carson v. Collins*, 993 F.2d 461, 466 (5th Cir.), *cert. denied*, 510 U.S. 897, 114 S. Ct. 265 (1993). The familiar standard by which a claim of ineffective assistance of counsel is weighed is set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). In order to establish that his counsel's performance was constitutionally deficient, a convicted defendant must show that counsel's representation "fell below an objective standard of reasonableness." *Id.* at 687-88, 104 S. Ct. at 2064. In so doing, a convicted defendant must overcome a strong presumption that the conduct of his trial counsel fell within a wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 687-91, 104 S. Ct. at 2064-66; *Loyd v. Whitley*, 977 F.2d 149, 156 (5th Cir. 1992), *cert. denied*, 508 U.S. 911, 113 S. Ct. 2343 (1993).

"[A]ny deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the constitution." *Strickland* at 692, 104 S. Ct. at 2067. In order to establish that he has sustained prejudice, the convicted defendant "must show that there is

a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence in the outcome." *Id.* at 694, 104 S. Ct. at 2068; *Loyd*, 977 F.2d at 159. This showing of prejudice must be "rather appreciable"; thus, a mere allegation of prejudice is not sufficient to satisfy the prejudice prong of *Strickland*. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994), *cert. denied*, 514 U.S. 1071, 115 S. Ct. 1709 (1995). Because a convicted defendant must satisfy both prongs of the *Strickland* test, a failure to establish either deficient performance or prejudice makes it unnecessary to examine the other prong. *Strickland* at 697, 104 S. Ct. at 2069; *Black v. Collins*, 962 F.2d 394, 401 (5th Cir. 1992). Finally, in *Ross v. Estelle,* 694 F.2d 1008, 1011 (5th Cir. 1983) the Fifth Circuit held that conclusory allegations of ineffectiveness are inadequate upon which to base federal habeas corpus relief, stating that "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Id.*

With regard to all of the factual allegations of ineffectiveness, Bracken could never meet the *Strickland* prejudice prong because of the overwhelming evidence of Bracken's guilt. *See Wilkerson v. Whitley*, 16 F.3d 64, 68 (5th Cir. 1994), *opinion reinstated in part on other* grounds, 28 F.3d 498 (en banc) (if facts adduced at trial point so overwhelmingly to defendant's guilt that even most competent attorney would be unlikely to have obtained acquittal, defendant's ineffective-assistance-of-counsel claim must fail), *cert. denied*, 513 U.S. 1085, 115 S. Ct. 740 (1995). In fact, the evidence at trial, 13 SF 4-68, demonstrates that Bracken was caught by the manager in a doorless bathroom stall in a gentlemen's club (topless bar, strip joint) in the act of snorting cocaine from a bag containing what was later proved to be cocaine. Bracken and the cocaine were held by the manager of the club until the police arrived, when both were turned over to the police. Because of the overwhelming evidence of Bracken's guilt, Bracken cannot prove that but for counsel's acts or

omissions the result of the trial would have changed and he would have been acquitted. Bracken is not entitled to relief on his third allegation because it is unexhausted, procedurally defaulted, and frivolous on the merits.

### 2. Bracken cannot raise a claim of actual innocence on federal habeas review.

Bracken also contends that he is innocent of the charge upon which he was convicted. Form pet., at 5. Of course, a convicted state prisoner cannot obtain federal habeas corpus relief on a claim of actual innocence. *See Lucas v. Johnson*, 132 F.3d 1069, 1075-76 (5th Cir. 1998). Therefore, this claim should be dismiss for failure to state a claim upon which relief may be granted. FED. R. CIV. PROC. 12(b)(6).

### 3. Bracken waived his right to a jury trial.

Here, Bracken complains that he was denied his right to a jury trial. Form pet., at 5. This allegation is directly contradicted by the record, wherein Bracken waived his right to be tried by a jury. Tr 30, 33, 34. In fact, the record shows that Bracken originally requested a jury trial on August 28, 1998. 3 SF 2. Thereafter, pretrial motions and jury selection was held on October 5, 1998. 5 SF at cover. On October 6, 1998, Bracken changed his mind and pleaded guilty and waived a jury trial, after a jury had been selected for a jury trial. Tr 25; 5 SF 61-62; 6 SF 9. On November 6, 1998, Bracken asked to withdraw his guilty plea, which the trial court granted. 7 SF 2. Several settings passed and Bracken did not mention a jury trial on his second not guilty plea. 8, 9, 10, 11 SF generally. However, on February 16, 1999, there was some discussion with regard to Bracken wanting a jury trial and based on state law, Tr 47-53, Bracken's second jury trial request was denied. 12 SF 2-5; 13 SF 2. Having voluntarily and knowingly waived his right to a jury trial, Tr 30, 33, 34; 6 SF 2-3, 7-8, this allegation should be dismissed as directly refuted by the record.

Finally, it should be noted that this allegation is based on and has been reviewed by the state courts only under state law. Tr 47-53. Bracken is required to make one of two showings under the AEDPA:

8

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (West 2000). He has made neither.

In *Williams v. Taylor*, 120 S. Ct.1495 (2000), with regard to 2254(d)(1), the Supreme Court held that the "clearly established" requirement referred to the *Teague v. Lane*[5] bar on new rules of constitutional criminal law. *Id.*, 120 S. Ct. at 1505-1506. In fact, the Court stated "[i]t is perfectly clear that AEDPA codifies Teague to the extent that Teague requires federal habeas courts to deny relief that is contingent upon a rule of law not clearly established at the time the state conviction became final." *Id.* at 1506. The Court went on to hold that the section (d)(1) restricts the source of clearly established law to this Court's holdings." *Id.* at 1507. Bracken has failed to even identify any clearly established Supreme Court precedent on his factual allegation that he was denied his right to a jury trial after he voluntarily waived same, instead relying on state law only. MIS at 5-6. Since, as stated in *Williams*, Bracken has cited no Supreme Court precedent demonstrating a constitutional violation, his claim is *Teague* and thus AEDPA barred.

## VIII.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Director respectfully requests that the court deny the writ, with prejudice.

---

[5] *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060 (1989).

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

MICHAEL T. McCAUL
Deputy Attorney General for
Criminal Justice

ROSS RAYBURN
Assistant Attorney General
Chief, Habeas Corpus Division

*Attorney-In-Charge

S. MICHAEL BOZARTH*
Assistant Attorney General
State Bar No. 02801400
Southern District Bar No. 8360

P. O. Box 12548, Capitol Station
Austin, Texas   78711
(512) 463-2034
Facsimile No. (512) 936-1280

ATTORNEYS FOR RESPONDENT

10

## CERTIFICATE OF SERVICE

      I, S. Michael Bozarth, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Respondent Johnson's Answer with Brief in Support** has been served by placing same in the United States Mail, postage prepaid, on this the 23rd day of August, 2000, addressed to:

Rory Bracken
TDCJ-ID No. 870465
Estelle Unit
Huntsville, Texas 77340

      */s/ S. Michael Bozarth*
S. MICHAEL BOZARTH
Assistant Attorney General