UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT
BROWNSVILLE DIVISION

14

United States District Court
Southern District of Texas
FILED

SEP 5   2000

Michael N. Milby
Clerk of Court

RORY BRACKEN
PETITIONER

X
X
X
X

VS

X
X

CIVIL ACTION NO

X
X

BOO-072

X
GARY L JOHNSON
TEXAS DEPARTMENT OF
CRIMINAL JUSTICE

X
X
X

RESPONDENT

X
X

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, RORY BRACKEN, PETITIONER WILL SHOW THE "HONORABEL" COURT THE FOLLOWING FROM THE "FACTS" "RECORDS" THAT THE "PETITIONER IS "ACTUALY AND FACTUALY INNOCENCE" AND THAT A GRAVE MISSCARRAI OF JUSTICE HAS BEEN DONE. AS PER HIS WRIT OF HABEAS CORPUS THE PETITIONER WILL SHOW THE COURT THE FOLLOWING FROM THE FACTS RECORD THAT HE WAS DENIED A JURY TRIAL AND THAT HIS COUNSEL WAS INNEFECTIVE THERFORE HIS CONSTITUTIONAL RIGHTS WERE DENIED.

"FACTS" "RECORDS"

THE TESTIMONIE'S AT TRIAL CLEARLY SHOW THA NO REASONABLE JURY COULD/WOULD HAVE CONVICTE THE PETITIONER AS PRESENTED AT TRIAL B "FACTS" "RECORDS". CLEARLY THE PETITIONERS COUNSEL DID NOTING TO PROTECT HIS CLIENTS INTREST

CutePDF - www.fasio.com

# TESTIMONY OF CARLOS GARCIA 2

CARLOS GARCIA TESTIFIES THAT HE SAW PETITIONER. SNORTING COCAINE ON A KEY, KEYS VOL 13 OF 13 PAGE 13 LINES 6, 7, PAGE 14 VOL 13 OF 13 LINES 4, 5, 6, 7, THE REASON PETITIONER SHOWS THIS FROM THE FACTS RECORDS IS WHEN PETITIONER WAS ARRESTED AND BOOKED IN HARLIGEAN POLICE STATION THERE WAS NO KEY KEYS, IN HIS PROPERTY WHEN HE WAS RELEASED ON BOND AND GIVEN HIS PROPERTY THEIR WAS NO KEY. KEYS. AT TRIAL THEIR WAS NO KEYS KEY AS EVIDENCE THE REASON BEING PETITIONER HAD NO KEY, KEYS. AT TRIAL CARLOS GARCIA WHO IS/WAS ARRESTING OFFICER NEVER IDENTIFIE WHAT THE STATE ENTERED AS EVIDENCE EXHIBIT① JONES V STATE 538 SW 2d 113 (CT CRIM APP 1976) THE SOLE ARRESTING OFFICER FAILED TO IDENTIFY THE EVIDENCE AT THE TRIAL. THUS THEIR WAS NO DIRECT LINK BETWEEN THE EVIDENCE TESTED AND DEFENDANT.

## TESTIMONY OF ALBERT GARCIA

ALBERT GARCIA TESTIFIES HE GOT WHITE POWDERY SUBSTANCE FROM CARLOS GARCIA. HE ALSO TESTIFIES HE PUT POWDERY SUBSTANCE IN BROWN PAPER BAG TYPE DEAL. VOL 13 OF 13 PAGE 19 LINE 22, 23, 24 VOL 13 OF 13 PAGE 21 LINES 5, 6, 7, 8. THE POINT PETITIONER IS MAKEING IS THIS FACTS RECORDS WHE STATES EXHIBIT NO ① WAS OPENED IT WAS IN A WHITE PLASTIC FILM CANISTER WHICH WAS NEVER MENTIONED ANYWHERE PRIOR BY EITHER CARLOS GARCIA OR OFFICER ALBERT GARCIA IN THEIR. TESTIMONY. VOL 13 OF 13 PAGE 41 LINES 13, 14. VOL 13, OF 13 PAGE 45 LINES 22, 23, 24, 25 PAGE 46 LINES 1, 2, 3, IT IS NOT UNTIL EVIDENCE IS OPENED AND ALBERT GARCIA IS RECALLED TO TESTIFY THAT HE SAYS ANYTHING ABOUT CANISTER. LETS LOOK AT FACTS RECORD.

VOL 13 OF 13 PAGE 49 LINES 24, 25. PAGE 50 3 LINES 1 THROUGH 16. IF OFFICER ALBERT ALWAYS PUTS SUBSTANCE IN CONTAINER WHY DID HE NOT TESTIFY TO THIS BEFORE EXHIBIT ① WAS ENTERED INTO EVIDENCE. NOW LOOK AT THIS ON PAGE 54 VOL 13 OF 13 LINES 2, 3, 4

Q: AND DID THE - - - DID CARLOS GARCIA HAND THIS POWDERY SUBSTANCE TO YOU IN A PLASTIC FILM CONTAINER ?

A: I BELIEVE SO YES SIR.

TESTIMONY OF JOHN C. FRIZZELL

JOHN FRIZZELL TESTIFIES HE RECIEVED THE EVIDENCE IN THIS CASE IN REPORT FORM ONLY AND THAT THE CONTROLLED SUBSTANCE WAS RECEIVED FROM A CARLOS GARCIA BY DEPUTY ALBERT GARCIA VOL 13 OF 13 PAGE 26 LINES 2, 3, 4, 5. NOW LOOK AT THIS WHEN DISTRICT ATTOREY CHURCH. SAYS VOL 13 OF 13 PAGE 46 LINES 7, 8, 9, 10 DECTIVE FRIZZELL STATED HE TOOK THE EVIDENCE MARKED AS 98 - - - I MEAN, 89-5173 AND PLACED IT IN A BAG TO BE SENT TO LAB. THATS THE BAG AGAIN LINES 17, 18. MR FRIZZELL STATED HE PLACE IT IN THE BAG. THE BAG WAS THEN SENT TO MR GIBSON WHERE IT WAS OPENED. ALL OF THE ABOVE STATEMENTS BY DISTRICT ATTORNEY CHURCH ARE NOT TRUE. DECTIVE FRIZZELL TESTIFIED ON THE RECORD FACTS VOL 13 OF 13 FROM PAGE 24 TO PAGE 31 AND AT NO STAGE DID HE EVER MAKE ANY OF ABOVE STATEMENTS QUIET THE OPPOSITE HE ALWAYS SAID HE SAW EVIDENCE IN REPORT FORM ONLY. THE QUESTION IS HOW DID THIS EVIDENCE GET TO LAB. THE RECORD FACTS SHOW THAT NOBODY WHO TESTIFIED AT TRIAL SENT THIS SUBSTANCE TO LAB. NOT DECETIVE FRIZZELL NOT DEPUTY ALBERT GARCIA NOT CUSTODIAN OF EVIDENCE MR RODGER OLSSON THESE ARE THE ONLY PEOPLE AT TRIAL WHO COULD HAVE SENT EVIDENCE TO LAB

TESTIMONY OF ROGER OLLSON    4

WHEN MR OLLSON IS ASKED DID HE EVER HAVE EVIDENCE OUT OF EVIDENCE LOCKER BEFORE, THIS IS HIS RESPONCE FACTS RECORDS. VOL 13 OF 13 PAGE 33 LINES 16 17 18 19 20 21 22 23 HE CLEARLY STATES HE NEVER IDENTIFIED IT IN PAST. ALSO WHEN MR GILMAN QUESTIONS HIM HE CLEARLY STATES HE DOES NOT KNOW ANYTHING ABOUT WHAT TOOK PLACE ON APRIL 11th 1998. VOL 13 OF 13 PAG 34 LINES 7, 8, 9. AGAIN THE QUESTION IS IF MR OLLSON IS EVIDENCE CUSTODIAN AND HE IS THE ONLY ONE WITH KEY HE TESTIFIES HE NEVER SAW EVIDENCE JUST TODAY VOL 13 OF 13 PAGE 33 LINES 16 THROUGH 22. AGAIN WHO TOOK EVIDENCE TO D.P.S. LAB IN McALLEN WHO SIGNED IT IN AND OUT OF BROWNSVILLE


TESTIMONY OF MR KEITH GIBSON

I HAVE NO DOUBT THAT WHAT MR GIBSON TESTIFIED IS TRUE VOL 13 OF 13 PAGE 41 LINES 13 THROUGH 18.

Q: NOW WHAT DO YOU HAVE IN THERE?
A: IT IS A WHITE PLASTIC FILM CONTAINER.
Q: OKAY. AND IS THAT A --- IS THAT -- DO YOU RECALL IS THAT HOW YOU RECEIVED THE EVIDENCE
A: YES, IT IS, WITH THE EXCEPTION BEING I PLACED THE LABORATORY CASE NUMBER AND MY INITIALS ON IT.

QUESTION DOES THIS MEAN WHAT MR GIBSON IS LOOKING AT DOES NOT HAVE CASE NUMBER AND HIS INITIALS ON IT, THATS WHAT THE WORD EXCEPTION MEANS FACTS RECORDS. THERE IS ONE OTHER PART TO FACTS RECORDS TO LOOK AT VOL 13 OF 13 PAGE 38 LINES 20 THROUGH 25 PAGE 39 LINE 1.

Q: ALL RIGHT. NOW, I'D LIKE YOU TO LOOK AT THIS PACKAGE AGAIN. IS THAT THE WAY IT WAS RETURNED TO CAMERON COUNTY TO YOUR KNOWLEDGE

A: THE DIFFERENCE WOULD BE THIS CARD WHICH IS 5 STAPLED TO IT, AND THERE IS SOME WRITING ON THE FRONT WHICH WAS PLACED ON THERE APPARENTLY ON OCT 7th IS WHAT THE DATE INDICATES.

QUESTION AGAIN WHAT DOES THE WORD DIFFERENCE MEAN WHAT IS MR GIBSON LOOKING AT IF THE POWDERY SUBSTANCE WAS SENT TO LAB IN MAY 22 1998 AND THE TRIAL WAS ON FEB 17th 1999 WHERE DOES OCT 7th COME IN, THERE SHOULD HAVE BEEN SOME SERIOUS QUESTIONS ASKED.

## RIGHT TO JURY TRIAL.

JUDGMENT OF CONVICTION PAGE 2. JUDGE BENJAMIN EURESTI JR STATES PETITIONER WAIVED HIS RIGHT TO JURY TRIAL IN OPEN COURT THIS IS NOT A TRUE STATEMENT. LET US GO TO "FACTS RECORDS" VOL 13 OF 13 PAGE 2 LINES 10 THROUGH 16

MR GILMAN: JUDGE, MY CLIENT IS COMPLAINING THAT HE'S NOT READY TO GO TO TRIAL. HE FEEL THAT HE COULD NOT GET A FAIR TRIAL IN FRONT OF YOU BECAUSE YOU HEARD HIS PREVIOUS CASE. AND WE'D ASK THAT THIS COURT RESCUE ITSELF AND GO TO ANOTHER JUDGE. HE'S ALSO REQUESTING A JURY TRIAL WHICH THE COURT RULED ON YESTERDAY.

CLEARLY THE "FACTS RECORDS" ABOVE IS IN CONFLICT WITH WHAT JUDGE SAID IN JUDGEMENT OF CONVICTION

NOW LETS GO TO VOL 12 OF 13 WHICH WAS PRETRIAL MOTION HELD DAY BEFORE BENCH TRIAL WHICH PETITIONER WAS NOT PRESEN OR DID NOT NO ABOUT UNTIL HE RECIEVED

TRIAL RECORDS IN T.D.C.J. 1 L 12 OF 13    6
PAGE 3 2. LINES 9 ~~&~~ THROUGH 14.

Ms Church: Oh that's no problem, but the
fact is that this was not a new trial
he was never pronounced guilty. He was.
-- The evidence was entered and the
evidence was seen by your Honor and
there was you said that there was enou
to show that he was guilty

Clearly the Judge had found me guilty
the day before trial by the facts
record the entire proceeding as a whole
were fundamentally unfair. SEE Passmore Vs
Estelle 607 F 2d 662 (5th Cir 1979)

### Ineffective Assistance Counsel

Clearly from all of above and the fact
counsel for petitioner called no witnesses
for petitioner filed a frivilious appeal
never responded to any of petitioners
request allowed petitioners constitutional
rights and violated petitioners constitution
rights therefore petitioner prays the
honorabel court grant him an evidentiary
hearing as petitioner has other documents
to present to court. In light of WILLIAMS
V Taylor, 120 S.Ct 1479 (2000) (the first of tw
cases) petitioner moves this court for an
evidentiary hearing as through no fault of
his own, to obtain same in the courts of sta
wherefore, premises considerec. Petitioner pray
that this honorable court will enter an
order scheduling this his application for.

EVIDINTIARY HEARING, EX PARTE, COMPUS 613 SW 2d 745; SCHWANDEN V BLACKBURN, 7.) F 2d 494, WITH PETITIONER ALLOWED TO BE PRESENT TO PRESENT MORE EVIDENCE AND TESTIMONY ON HIS BEHALF, TO ENSURE THAT THE RECORDS ARE PROPERLY DEVELOPED FOR THE HONORABEL COURT EX PARTE DUFFY 607, SW 2d 513; AND AT CONCLUSION OF SAID HEARING ENTER FACTS FINDING AND CONCLUSION OF LAW, RECOMMENDING PETITIONERS CONVICTION BE REVERSED AND DISMISSED. PETITIONER PRAY THAT RELEIF PRAYED FOR BE GRANTED.

SIGNED THIS DAY 26th OF AUGUST 2000

RORY BRACKEN
# 870465
A 2   217
ESTELLE UNIT
HUNTSVILLE
TEXAS
77340

RORY BRACKEN
#870465
B 224 HS.
ESTELLE UNIT
HUNTSVILLE
TEXAS
77340

United States District Court
Southern District of Texas
RECEIVED

SEP 05 2000

Michael N. Milby, Clerk of Court

DEAR MR MILBY

    PLEASE FILE THE ENCLOSED PAPERS
WITH THE COURT ALSO PLEASE NOTE ~ ABOVE
CHANGE IN ADDRESS THANK YOU FOR YOUR
ASSISTANCE IN THIS MATTER.

                              RORY BRACKEN