*17*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
ENTERED

**FEB 0 7 2001**

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

| | |
|---|---|
| RORY BRACKEN, | § |
| Petitioner, | § |
| | § |
| v. | § |
| | § |
| GARY JOHNSON, DIRECTOR, | § |
| TEXAS DEPARTMENT OF CRIMINAL | § |
| JUSTICE, INSTITUTIONAL DIVISION, | § |
| Respondents. | § |

CIVIL ACTION NO. B-98-072

## MAGISTRATE'S REPORT AND RECOMMENDATION

### BACKGROUND

Before the court is Petitioner Rory Bracken's timely § 2254 Petition for Writ of Habeas Corpus by a Person in State Custody.[1]  Although Petitioner was recently deported and is no longer in custody, his Petition is not moot and must be addressed by this court.[2]  Petitioner was found guilty for possessing cocaine by a Cameron County judge on February 17, 1999.[3]  Petitioner's conviction was affirmed on appeal on August 31, 1999.[4]  His Petition for discretionary review ("PDR") was refused by the Texas Court of Criminal Appeals without written order on November 10, 1999.[5]  On

---

[1]   *See* Pleading No. 1.

[2]   *Max-George v. Reno*, 205 F.3d 194 (5th Cir.2000) (holding that an alien's deportation did not render his habeas corpus petition moot, despite the fact that he was no longer in custody, because the alien's inability to lawfully reenter the U.S. constituted a collateral consequence sufficient to preclude a finding of mootness; and citing *Umanzor v. Lambert*, 782 F.2d 1299, 1301 (5th Cir.1986); *Sibron v. New York*, 392 U.S. 40, 55, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); and *Spencer v. Kemna*, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998)).

[3]   *The State of Texas v. Rory Bracken*, 98-CR-750-A, Statement of Facts, Volume 13, page 68.

[4]   *Bracken v. State*, Slip Op. No. 13-99-104-CR (Tex. App.—Corpus Christi, 1999)(pet. ref'd).

[5]   *Bracken v. State*, PDR No. 1695-99.

March 1, 2000, Bracken's timely state writ was denied without written order.[6]

Petitioner filed his instant Petition with this court on April 25, 2000.[7] His Petition asks for habeas relief on the grounds that (1) he is actually innocent of the crime charged, (2) he was denied effective assistance of counsel, and (3) he was denied his constitutional right to a jury trial.[8]

## LEGAL ANALYSIS

As the record makes clear that Petitioner's claims are without merit, this court may deny his Petition without an evidentiary hearing.[9] To begin, Petitioner's actual innocence claims must fail because they cannot satisfy the requirements of the Antiterrorism and Effective Death Penalty Act ("AEDPA").[10] AEDPA has amended 28 U.S.C. § 2254(d) to provide:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[11]

Because Petitioner's current claims of actual innocence merely reassert issues that were already adjudicated in his state court trial, he cannot prevail unless he demonstrates (1) that the adjudication of these issues contradicted clearly established federal law, or (2) that the adjudication of these issues resulted in an unreasonable determination of the facts in light of the evidence.

---

[6] *Ex Parte Bracken*, Application No. 42,498-02.

[7] *Supra* FN1.

[8] *Id.* at 5-6.

[9] *See United States v. Smith*, 915 F.2d 959, 964-65 (5th Cir.1990) (allowing summarily dismissal when the record makes clear that a hearing is unnecessary).

[10] *See* The Antiterrorism and Effective Death Penalty Act of 1996, Pub. Law No. 104-132, 110 Stat. 1214.

[11] 28 U.S.C. § 2254(d)(1)&(2).

Petitioner has not made such a showing. Instead, Petitioner merely asserts that the state did not prove (1) that he exercised care, control, and management over the contraband, and (2) that he knew that the white powdery substance was contraband.[12] Having made these exact same claims on appeal, however, Petitioner has failed to provide any authority to suggest that both the trial court and the appellate court reached unreasonable or erroneous conclusions with regard to his control and knowledge of the contraband.[13] Specifically, Petitioner has not offered any evidence to refute the validity of the arresting officer's testimony regarding (1) his arrest of Petitioner, or (2) his proper testing and preserving of the contraband evidence.[14] Accordingly, because Petitioner cannot make the required showing under the newly amended § 2254(d), Petitioner's actual innocence claims must fail.

Next, Petitioner's ineffective assistance of counsel claims must fail because he cannot demonstrate that he was prejudiced by his counsel's alleged ineffectiveness.[15] To show the requisite prejudice, Petitioner must demonstrate that there was "a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different."[16] Because state court findings of fact are entitled to a presumption of correctness, this showing of prejudice must be "significant."[17] Here Petitioner cannot meet this burden because he has failed to allege any facts suggesting a reasonable probability of acquittal.

Although Petitioner alleges that his counsel failed to call witnesses on his behalf, Petitioner

---

[12] *See* Pleading No. 4, page 3.

[13] *Bracken v. State*, Slip Op. No. 13-99-104-CR (Tex. App.—Corpus Christi, 1999) (pet. ref'd) (affirming Petitioner's conviction and finding sufficient evidence to show (1) that Petitioner was caught attempting to snort from a bag of white powdery substance, (2) that the substance tested positive as cocaine, and (3) that no chain of custody problems occurred so as to cast doubt upon Petitioner's possession and knowledge of the drug.).

[14] *Id.* at 2.

[15] *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Carson v. Collins*, 993 F.2d 461, 465 (5th Cir.), cert. denied, 510 U.S. 897, 114 S.Ct. 265, 126 L.Ed.2d 217 (1993) (holding that a habeas petitioner has the burden of demonstrating that he was prejudiced by his counsel's ineffectiveness).

[16] *Strickland v. Washington*, 466 U.S. 668 at 694.

[17] *Armstead v. Scott*, 37 F.3d 202, 207 (5th Cir.1994), cert. denied, 514 U.S. 1071,115 S.Ct. 1709, 131 L.Ed.2d 570 (1995); 28 U.S.C. § 2254(e)(1).

does not disclose the identities of the witnesses he would have called, nor does explain how their testimony could have led to his acquittal.[18] Petitioner also asserts that his attorney was ineffective for filing a frivolous appeal.[19] Here, however, Petitioner neglects to explain why he has himself chosen to assert those same "frivolous" claims in his § 2255 Petition.[20] Additionally, Petitioner claims that his counsel failed to investigate his case, without revealing how the fruits of such an investigation would have improved his chances for acquittal.[21] In fact, Petitioner fails to allege any facts which affirmatively suggest that, but for his counsel's errors, he stood a reasonable probability of acquittal. Accordingly, the presumption of correctness given to the findings of Petitioner's state court trial must stand and his ineffectiveness of counsel claims must be denied.

Lastly, Petitioner's claim that he was denied his right to a jury trial overlooks the fact that he issued a voluntary, intelligent, written waiver of that right in open court.[22] Petitioner did not seek to withdraw his waiver until the day before his bench trial.[23] Petitioner has identified no federal or constitutional authority which suggests that he had an unqualified right to withdraw his jury trial waiver, once that waiver was accepted by the court. Moreover, several federal cases with similar fact patterns exist to support the trial court's refusal to allow Petitioner to withdraw his jury trial waiver.[24] Having already received a continuance and the right to find a new lawyer, after firing his first lawyer and refusing to appear in court, Petitioner's delay serves to weaken any argument that he may have

---

[18]   *See* Pleading No. 4, pages 7-14.

[19]   *Id.*

[20]   *Compare* Pleading No. 4 pages 1-4 (Petitioner's Memorandum in Support of Petition for Writ of Habeas Corpus) with Petitioner's Appellant Brief, pages 5-8, in *Bracken v. State*, Slip Op. No. 13-99-104-CR (Tex. App.—Corpus Christi, 1999)(pet. ref'd).

[21]   *Supra* FN18.

[22]   *See The State of Texas v. Rory Bracken*, 98-CR-750-A, Statement of Facts, Volume 6, page 2-3; *See also Bracken v. State*, Slip Op. No. 13-99-104-CR, Clerk's Record, pages 30-32 (containing Petitioner's signed, written waiver of a jury trial).

[23]   *The State of Texas v. Rory Bracken*, 98-CR-750-A, Statement of Facts, Volume 13, page 2.

[24]   *McCranie v. United States*, 333 F.2d 307 (5th Cir. 1964) (holding that court did not abuse its discretion in denying a defendant's request to withdraw his effective jury trial waiver when entire venire had been dismissed, and granting request would have required unmerited continuance); *Riadon v. United States*, 274 F.2d 304 (6th Cir. 1960); *United States v. Holmen*, 586 F.2d 322, 323 (4th Cir.1978).

4

about withdrawing his jury trial waiver.[25]  Therefore, as the record makes clear that Petitioner freely waived this right, his last § 2254 claim must be denied.

### RECOMMENDATION

For the above-stated reasons, it is recommended that Petitioner Bracken's § 2254 Petition be denied.  Because Petitioner has failed to allege any facts which show that he is entitled to relief, this Court may deny Petitioner's Petition without an evidentiary hearing.[26]  A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Automobile Association,* 79 F.3d 1415 (5th Cir.1996).

DONE in Brownsville, Texas this 5th day of February, 2000.

Felix Recio
United States Magistrate Judge

---

[25]  *See Bracken v. State*, Slip Op. No. 13-99-104-CR, Clerk's Record, pages 2-4 (criminal docket reciting the orders and proceedings of the trial court).

[26]  *See United States v. Smith,* 915 F.2d 959, 964-65 (5th Cir.1990).

5

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

RORY BRACKEN,                            §
Petitioner,                              §
                                         §
v.                                       §
                                         §          CIVIL ACTION NO. B-98-072
GARY JOHNSON, DIRECTOR,                  §
TEXAS DEPARTMENT OF CRIMINAL             §
JUSTICE, INSTITUTIONAL DIVISION,         §
Respondents.                             §

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation in the above-referenced cause of action. After a de novo review of the file, the Magistrate Judge's Report and Recommendation is hereby ADOPTED. Accordingly, Petitioner Bracken's § 2254 Petition (Pleading No. 1) is hereby DENIED.

DONE in Brownsville, Texas this _____ day of _____, 2000.

_____
Hilda Tagle
United States District Judge

6