United States District Court
Southern District of Texas
FILED

FEB 2 2 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| RORY BRACKEN, § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. B-00-072 |
| § | |
| GARY L. JOHNSON, DIRECTOR, § | |
| TEXAS DEPARTMENT OF CRIMINAL § | |
| JUSTICE, INSTITUTIONAL DIVISION, § | |
| Respondent. § | |

**RESPONDENT JOHNSON'S OBJECTIONS TO THE MAGISTRATE'S
RECOMMENDATION WITH BRIEF IN SUPPORT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Gary L. Johnson, Director, Texas Department of Criminal Justice, Institutional Division ("TDCJ-ID"), Respondent herein ("the Director"), by and through his attorney, the Attorney General of Texas, and files this **Respondent Johnson's Objections to the Magistrate's Recommendation with Brief in Support.** In support thereof, the Director would respectfully show the court the following:

I.

BACKGROUND

The Magistrate Judge entered his "REPORT AND RECOMMENDATION," ("R & R"), on February 7, 2001, and the parties were ordered to file any objections thereto within 10 days of being served with the R & R. R & R at 5. The undersigned received the R & R on February 9, 2001. Pursuant to the Federal Rules of Civil Procedure, Rule 6(a), when a party is required to act in less than eleven days, weekends and holidays are not counted as part of the, in this case ten day period. Therefore, excluding weekends and Presidents' Day, these objections are due to be filed on or before February 26, 2001. These objections are being place in express mail on February 21, 2001; therefore, they are timely filed. Further, while the Director is satisfied with the overall R & R, the Director

must object to those findings and conclusions that he disagrees with, *Douglass v. United Services Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996), or he will be barred from challenging same on appeal, should an appeal be sought by either party. Therefore, these objections are made to perfect the record for any appeal.

## II.

## OBJECTIONS

The Director objects to the Magistrate Judge's R & R for not considering and ruling on the Director's "EXHAUSTION OF STATE COURT REMEDIES/PROCEDURAL DEFAULT" section of the Director's Answer, at pages 3-4. Specifically, the Director argued that all of Bracken's ineffective-assistance-of-counsel claims were unexhausted and thereby procedurally defaulted. The Director does not waive his exhaustion or procedural default defenses.

The Director's exhaustion/procedural default argument is reproduced for the court's convenience, below:

> The Director contends that none of Bracken's ineffective-assistance-of-counsel allegations have been exhausted by Bracken's PDR or state writs; therefore, they are unexhausted and procedurally defaulted. Even though Bracken has not raised these issues before the Texas Court of Criminal Appeals, which renders them unexhausted, it would be futile to return to the state courts to file yet another state writ. If he were to present them to the state courts in a third state writ he would be cited for abuse of the writ. *See* TEX. CODE CRIM. PROC. art. 11.07 § 4 (Vernon's 1999). Under *Vega v. Johnson*, 149 F.3d 354, 362 (5th Cir.1998), *cert. denied*, 525 U.S. 1119, 119 S. Ct. 899 (1999), *Muniz v. Johnson*, 132 F.3d 214, 221 (5th Cir.), *cert. denied*, 523 U.S. 1113, 118 S. Ct. 1793 (1998) and *Nobles v. Johnson*, 127 F.3d 409, 422 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139, 118 S. Ct. 1845 (1998) the Fifth Circuit held that the defaulted claims had yet to be presented to the State courts; therefore, they were unexhausted and procedurally defaulted, concluding that the respective petitioners could not satisfy the standard for avoiding a state citation for abuse of the state writ. Bracken has procedurally defaulted all ineffective-assistance-of-counsel allegations set out in Section VI of this pleading; however, if this court determines that it would not be futile to return to the state courts to file another state writ of habeas corpus

raising those ineffective-assistance-of-counsel claims, the Director does not waive exhaustion and moves this court to dismiss this action for failure to exhaust state court remedies.[1]

## III.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Director respectfully requests that the court dismiss Bracken's ineffective-assistance-of-counsel claims as unexhausted and thereby procedurally defaulted.

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

MICHAEL T. McCAUL
Deputy Attorney General for
Criminal Justice

ROSS RAYBURN
Assistant Attorney General
Chief, Habeas Corpus Division

---

[1] Bracken's first state writ did not serve to exhaust any issues because it was dismissed because his direct appeal was pending. Besides, none of the issues raised in this action were raised in Bracken's first state writ. *See generally Ex parte Bracken*, Application No. 42,498, at cover, 1-3 (challenge to failure of the INS to hold a timely hearing). Further, in Bracken's second state writ he raised an ineffective-assistance-of-counsel allegation in the following words, only: "Applicant will also show Counsil [sic] was ineffective . . . . Applicant will show the court Applicant's attorney did nothing to protect the rights of the Applicant." *Ex parte Bracken*, Application No. 42,498-02, at 2. There is no other statement in the state writ regarding an ineffective-assistance-of-counsel allegation; therefore, all factual allegations of ineffectiveness raised in this action, as listed in subsection VI are unexhausted and/or procedurally defaulted.

3

*Attorney-In-Charge

*S*. *Michael Bozarth*
S. MICHAEL BOZARTH*
Assistant Attorney General
State Bar No. 02801400
Southern District Bar No. 8360

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2146
Facsimile No. (512) 936-1280

ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

I, S. Michael Bozarth, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing **Respondent Johnson's Objections to the Magistrate's Recommendation with Brief in Support** has been served by placing same in the United States Mail, postage prepaid, on this the 21st day of February, 2001, addressed to:

Rory Bracken
TDCJ-ID No. 870465
Estelle Unit
Huntsville, Texas 77340

*S*. *Michael Bozarth*
S. MICHAEL BOZARTH
Assistant Attorney General

4